**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MIKE L. LIGHT ,                    )
                                   )
            Plaintiff,             )  No. 1:06-cv-01355 (RCL)
                                   )
      v.                           )
                                   )
UNITED STATES,                     )
                                   )
            Defendant.             )


**UNITED STATES' MOTION TO DISMISS**

Under Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), the United States respectfully

requests that the Court dismiss this action.  As grounds for this motion, the United

States asserts that this Court lacks subject-matter jurisdiction over plaintiff's

unauthorized collection claim, the Anti-Injunction Act bars the injunctive relief plaintiff

seeks, and plaintiff failed to properly serve the United States.

Specifically, plaintiff has failed to state a claim for damages.  Plaintiff has not

alleged sufficient facts to demonstrate that he is entitled to any relief.  Moreover, he has

failed to demonstrate that he filed an administrative claim for damages, which is

required before the United States' sovereign immunity is waived.  See 26 U.S.C. §

7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004).  In addition it

appears that plaintiff seeks to enjoin the Internal Revenue Service from engaging in any

further collection activity.  (Compl., Remedy Sought ¶ 30d).  Under 26 U.S.C. § 7421(a),

no suit may be maintained restraining the assessment and collection taxes.  Thus, this

Court may not grant injunctive relief.  Finally, plaintiff failed to properly serve the

United States as plaintiff did not serve the Internal Revenue Service with a summons and complaint.

A supporting memorandum of law and proposed order are filed with this motion.1/

DATED: January 12, 2007

                              Respectfully submitted,

                              /s/ Beatriz T. Saiz
                              BEATRIZ T. SAIZ
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              P.O. Box 227
                              Ben Franklin Station
                              Washington, DC 20044
                              Phone/Fax: (202) 307-6585/514-6866
                              Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

---

1/ The allegations of Plaintiff's complaint are substantially similar to more than 100 complaints filed recently in this district.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MIKE L. LIGHT ,                         )
                                        )
                    Plaintiff,          )    No. 1:06-cv-01355 (RCL)
                                        )
          v.                            )
                                        )
UNITED STATES,                          )
                                        )
                    Defendant.          )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION TO DISMISS

The relief plaintiff requests in his complaint is an order for unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp., Remedy Sought ¶¶ 30a, b. c) and an order enjoining the Internal Revenue Service from engaging in further collection activity (Comp., Remedy Sought ¶30d).  The Court can not grant the requested relief.

### This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Comp., Remedy Sought ¶¶ 30a, b, c).  This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26

U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F. Supp.2d

125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte

v. United States, 979 F.2d 1375 (9th Cir. 1992).2/

     Here, plaintiff has not alleged that he filed a written claim with the area director

which complies with the requirements of the regulations.  Plaintiff should have sent his

administrative claim to the area director to the attention of the compliance technical

---

    2/   The United States is aware that the court in Turner v. United States, 429 F.
Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For
the reasons stated above, the United States continues to assert that the exhaustion
requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v.
Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion
of administrative remedies in the context of two private litigants in a Title VII suit.
Neither of the private litigants had any attributes of sovereign immunity. Thus, neither
litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general
principle that "the United States, as sovereign, 'is immune from suit save as it consents
to be sued *** and the terms of its consent to be sued in any court *define that court's
jurisdiction* to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981)
(emphasis added). Thus, when the United States has consented to suit, as it has in 26
U.S.C. § 7433, the terms of that consent define the court's jurisdiction.

    One of the terms of the consent under section 7433 is that the taxpayer must have
exhausted his administrative remedies. And as a term of consent to the waiver of
sovereign immunity, the requirement of administrative exhaustion is by definition a
part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal
with the special situation of sovereign immunity because neither party to the lawsuit
was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with
entirely different statutory schemes of relief. Therefore, this Court should follow Glass,
McGuirl, and the several appellate decisions from other circuits that have properly
concluded that section 7433's exhaustion requirement is an element of the United States'
waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum,
the Turner decision, while it reached the correct result, failed to preserve the difference
between administrative schemes involving private parties, and those that involve suits
against the sovereign United States. Accordingly, the United States asks for dismissal
on jurisdictional grounds.

support manager as required by 26 C.F.R. § 301.7433-1(e).  Because plaintiff has not met

his burden to prove exhaustion of administrative remedies, this Court does not have

jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

<u>Plaintiff Has Failed to State a Damages Claim</u>

Plaintiff's complaint is legally insufficient and should be dismissed under Fed. R.

Civ. P. 12(b)(6).  Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433,

and seek unspecified damages (Comp., Remedy Sought ¶¶ 30a, b, c).  Plaintiff's

complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7433 permits a taxpayer to bring a civil action for damages against the

government "[i]f, in connection with the collection of federal tax with respect to a

taxpayer, any officer or employee of the Internal Revenue Service recklessly or

intentionally disregards any provision of the [Internal Revenue Code] or any regulation

promulgated" thereunder.   26 U.S.C. § 7433.  Under Rule 8(a), a complaint need only

contain a "short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a).  But, here, there are no facts in the plaintiff's complaint to

support a claim for damages, and thus, this Court should conclude that he has not in

fact stated such a claim.  For example, plaintiff does not describe the injuries he

allegedly incurred.  In fact, no facts are alleged which establish that "any officer or

employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the

[Code]."  26 U.S.C. § 7433.  Because plaintiff has failed to state a claim upon which relief

can be granted, this Court should dismiss this case.

-4-

<u>Plaintiff's Request for Injunction Is Barred by the Anti-Injunction Act</u>

It appears plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.  (Comp., Remedy Sought ¶ 30d).  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim.  <u>See</u> 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  <u>See</u> <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the

-5-

government could never prevail.  Plaintiff fails to identify the dates of any alleged "wrongful" collection, any specifics as to any alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, he can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the Enochs test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

<u>The Court Lacks Personal Jurisdiction over the United States</u>

In order to effect proper service on the United States (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the

action is brought, or by sending a copy of the summons and complaint by registered or

certified mail addressed to the civil process clerk at the office of the United States

attorney; and (2) by sending a copy of the summons and complaint by registered or

certified mail to the Attorney General of the United States at Washington, D.C.; and (3)

by sending a copy of the summons and complaint by registered or certified mail to the

officer, employee and/or agency of the United States whose order is being challenged.

See Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker,

501 F. Supp. 332, 332 (D.D.C. 1980).  Further, service can not be effected by an

individual who is a party to the suit.  See Fed. R. Civ. P. 4(c)(2); see also Davis v. Garcia,

226 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223,

224 (S.D. Tex. 1999).  Service of a summons and complaint in the manner provided by

Fed. R. Civ. P. 4 is both mandatory and jurisdictional. See Moncrief v. Stone, 961 F.2d

595 (6th Cir. 1992) (dismissing suit for failing to serve United States Attorney).

In this case, upon information and belief, plaintiff has not served the Internal

Revenue Service with a summons and a copy of the complaint.  Since plaintiff has failed

to properly serve the United States, plaintiff's complaint should be dismissed for

insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

In addition, this Court does not have personal jurisdiction over the United States,

because the United States has not been properly served. The Court acquires personal

jurisdiction over a defendant only if the defendant is properly served.  Omni Capital

International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); see also United

Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d
1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are
distinguishable, they are inextricably intertwined, since service of process constitutes
the vehicle by which the court obtains jurisdiction." (citing Lorelei Corp. v. County of
Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991)); Amen v. Dearborn, 532 F.2d 554, 557 (6th
Cir. 1976) ("Axiomatically, due process requires proper service of process in order to
obtain in personam jurisdiction []."). Since the plaintiff has not properly served the
United States, the Court lacks personal jurisdiction and should dismiss the complaint
pursuant to Fed. R. Civ. P. 12(b)(2).

//
//
//
//

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claim for damages because plaintiff has failed to prove that he filed an administrative claim for damages. Plaintiff has failed to state a claim for damages. Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes. Finally, plaintiff did not serve the Internal Revenue Service with a copy of the summons and complaint. For all these reasons, the Court should dismiss this action.

DATED: January 12, 2007

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney